# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| MONA CARLETTE BROWDER AND FREDDIE BROWDER | DOCKET NO. _____ |
| VERSUS | JUDGE _____ |
| WAL-MART, INC. | MAGISTRATE JUDGE _____ |

## NOTICE OF REMOVAL AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, come SAM'S EAST INC. (erroneously named by plaintiffs as "Wal-Mart, Inc."), an Arkansas corporation, and WAL-MART, INC., a Delaware corporation, defendants in the above entitled cause, and appearing solely for the purpose of presenting this Notice of Removal of the above entitled cause to this Honorable Court under the provisions of 28 U.S.C. § 1441, *et seq.*, and reserving all rights, respectfully show as follows:

1.

This suit was filed by plaintiffs, MONA CARLETTE BROWDER and FREDDIE BROWDER, ("plaintiffs") in the Fourth Judicial District Court, Ouachita Parish, Louisiana, on the 15th day of October, 2020.

2.

Plaintiffs did not name Sam's East, Inc. as a defendant, but as that entity is the owner and operator of the store at which plaintiffs claim to have been injured, and thus the proper party defendant, both entities join in this Notice of Removal and Jury Demand.

3.

Defendant Wal-Mart, Inc. was served with citation and a certified copy of the petition on October 23, 2020. As it was not named as a defendant, Sam's East, Inc. has not been served. Defendants have removed this case within thirty (30) days of service upon the first served defendant.

4.

Defendants allege that plaintiffs are residents, citizens, and domiciliaries of the State of Louisiana.

5.

At the time plaintiff's Petition was filed, and at the time of this removal, defendant Sam's East, Inc., is an Arkansas corporation with its principal place of business in the State of Arkansas.

6.

Wal-Mart, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

7.

Plaintiffs also named an alleged employee as a defendant in this matter, but used the fictious name of "Kiterra" with no last name. Defendants do not have an employee with that name at the Sam's store and the Sheriff was unable to serve anyone at Sam's by that name. The removal statute explicitly states that, " in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441 (b)(1). The Fifth Circuit has followed the mandate of this provision. *See Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240 (5th Cir. 2011); *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843 (5th Cir. 2014); *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 619 (5th Cir. 2019) (noting "[a]lthough 'John Doe' is a more common version [of a fictitious defendant]," § 1441 also covers other fictitious names.)

8.

All properly named defendants are diverse from plaintiff. *See Duhon v. Lowes Home Centers,* LLC, 2019 WL 6696084, *2 (W.D. La. 2019). ("Darren" Doe's likely citizenship should be disregarded for removal purposes. Because parties properly named are completely diverse and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.)

9.

In their Petition for Damages, plaintiffs allege that Mona Carlette Browder was injured when she slipped and fell on the floor at the Sam's store in Monroe, Louisiana.

10.

Plaintiffs allege that due to the accident Mona Carlette Browder suffered a knee injury, including a torn meniscus and that she will need a total knee replacement.

11.

Plaintiffs further allege general and special damages. Mr. Browder alleges that he has suffered emotional distress and loss of services and society.

12.

Plaintiffs also allege that Mona Carlette Browder will incur has incurred physical and emotional pain and suffering and loss of ability to take part on activities, and that she has and will incur a lifetime of medical expenses.

13.

Prior to suit being filed, plaintiff informed a representative of defendants that as a result of the accident at Sam's, plaintiff suffered a very significant knee injury, primarily characterized by a torn meniscus, a total knee replacement, and needed surgery. Plaintiff offered to settle the matter for $175,000.00, plus medical expenses incurred, an amount in excess of the threshold for federal jurisdiction.

14.

Louisiana district courts have considered settlement demands as "valuable evidence" in determining the amount in controversy. *Ford v. State Farm Automobile Ins. Co.*, 2009 WL 790150 (M.D. La.); *Lonon v. Prieto*, 2000 WL 913808 (E.D. La.).

15.

Although plaintiff's Petition is silent with respect to the jurisdictional threshold of this Court, since plaintiffs' allege serious injuries, it is apparent upon the face of plaintiffs' Petition, in conjunction with the settlement demand, that the damages for which they seek recovery exceeds $75,000.00. In the information received from plaintiffs' counsel and medical records obtained, the extensive medical reports detail Mrs. Browder's injuries, treatment, and needed surgery due to the accident.

16.

Because of the litany of damages plaintiffs claims to have suffered, and in particular because Mrs. Browder has claimed she sustained specific injuries, resulting in a need for a specific surgery, all allegedly caused by the accident, plaintiffs' damage claims exceed $75,000.00 exclusive of interests and costs.

17.

Accordingly, plaintiffs' damage claims exceed the jurisdictional threshold of this Court.

18.

This Court has jurisdiction of this cause of action under 28 USC § 1332.

19.

The proper court for removal is the United States District Court for the Western District of Louisiana, Monroe Division.

20.

Defendants file as Exhibit A herewith copies of the entire record in the district court, which consists of the following:

(1) Petition;

(2) Citation issued to Wal-Mart, Inc.; and,

(3) Service of Process Transmittals.

21.

Defendants further show unto the Court that immediately upon the filing of this Notice of Removal, a copy of same shall be served upon all adverse parties and a copy filed with the Clerk of the Fourth Judicial District Court, Ouachita Parish, Louisiana, all in accordance with 28 USC § 1446(d).

22.

Defendants are entitled to and request a trial by jury in this matter.

Shreveport, Louisiana, this 5th day of November, 2020.

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)


By:   /s/ Scott R. Wolf
      Scott R. Wolf, Bar #28277

700 Regions Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone:  (318) 221-6858
Telecopier: (318) 227-2967
E-Mail: swolf@bwor.com

ATTORNEYS FOR DEFENDANTS,
WAL-MART, INC. AND
SAM'S EAST, INC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has this date been served upon the following by placing same in the United States Mail, postage paid:

Ms. Dena Peters – 4th JDC
Ouachita Parish Clerk of Court
P.O. Box 1862
Monroe, Louisiana 71210

J.. Michael Rhymes, Esq.
Attorney at Law
1005 North Third Street
Monroe, LA 71201

Shreveport, Louisiana, this 5th day of November, 2020.

                                              /s/ Scott R. Wolf
                                                  OF COUNSEL